UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**TAVIA WAGNER,**

      **Plaintiff,**

v.                                                Case No: 6:23-cv-585-PGB-EJK

**SALIJANIN, LLC and FROZEN GOLD, LLC,**

      **Defendants.**

### ORDER

This cause comes before the Court on Plaintiff's Motions for Entry of Clerk's Default (the "Motions") as to all Defendants. (Docs. 13, 14.) For the reasons set forth below, the Motions are due to be denied.

### I. BACKGROUND

On March 31, 2023, Plaintiff instituted this action against Defendants Saljanin, LLC[1] and Frozen Gold, LLC, for violation of the Americans with Disabilities Act, 42 U.S.C §§ 12101–12213 (Doc. 1.) Plaintiff attempted to serve Saljanin, LLC, by approaching the residential gate of Saljanin, LLC's registered service agent, Frank Saljanin, on numerous occasions, but received no response. (Doc. 13.) Plaintiff also attempted to serve Frozen Gold, LLC, by leaving a copy of the Complaint and Summons with an employee of the same registered service agent, Jane Doe (who

---

[1] Plaintiff indicated that Defendant's name was spelled "Salijanin, LLC". However, Florida public records indicate that the correct spelling is "Saljanin, LLC".

refused to provide her name). (Doc. 14.) Plaintiff now seeks entry of a clerk's default against Saljanin, LLC and Frozen Gold, LLC, for their failure to appear in this case. (Docs. 13, 14.)

## II.   STANDARD

"When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). Before the clerk may enter default, he or she must determine that effective service has been made on the defaulting defendant because, without effective service, there is no jurisdiction and no obligation to answer or "otherwise defend." *See Kelly v. Florida*, 233 F. App'x 883, 885 (11th Cir. 2007) (unpublished).

## III.   DISCUSSION

Defendants have not responded to Plaintiff's Complaint or otherwise appeared, and the time to do so has expired. Fed. R. Civ. P. 12(a) (providing that a defendant must file a responsive pleading to a complaint within 21 days after being served a copy of the summons and the complaint). The Court must now determine whether Plaintiff perfected service on Defendants.

Federal Rule of Civil Procedure 4(h) provides that service on a limited liability company may be perfected by giving a copy of the summons and complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process. Fed. R. Civ. P. 4(h).

According to Florida public records, Defendants Saljanin, LLC, and Frozen Gold, LLC, share a common registered agent, Frank Saljanin, whose address is listed as 4167 Saddle Club Drive, New Smyrna Beach, Florida 32168. This is a residential address, and thus pursuant to Florida Statute § 48.062(4), both limited liability company Defendants can be served there pursuant to § 48.031.

### A. Saljanin, LLC

Under Florida law, if the limited liability company cannot be served via its registered agent after a good faith attempt, a limited liability company may be served:

> (a) On a member of a member-managed limited liability company;
> (b) On a manager of a manager-managed limited liability company; or
> (c) if a member of manager is not available during regular business hours to accept service on behalf of the limited liability company, he, she, or it may designate an employee of the limited liability company to accept such service.

Florida Statute § 48.062(2).

The Affidavit of Service does not indicate that Plaintiff perfected service under Florida Statute § 48.062(2), as Plaintiff does not explain how Plaintiff served a member, manager, or designated employee after a good faith attempt to serve Saljanin, LLC's registered agent. As such, the Court finds that Plaintiff has not perfected service of process on Defendant Saljanin, LLC.

### B. Frozen Gold, LLC

Plaintiff argues that Plaintiff perfected service on Frozen Gold by leaving a copy of the Complaint and Summons with an employee of Frozen Gold, LLC's registered agent, pursuant to Florida Statute § 48.081(3)(a). However, § 48.081(3)(a) relates only

to perfecting service on corporations; Frozen Gold, LLC, is a limited liability company, and the Motion does not address how service of process was proper on Frozen Gold in this capacity. Therefore, it is due to be denied.

## IV. CONCLUSION

Accordingly, it is **ORDERED** that Plaintiff's Motions for Entry of Clerk's Default against Defendants Saljanin, LLC, and Frozen Gold, LLC (Docs. 13, 14) are **DENIED**. Plaintiff shall have thirty days from the date of this Order to re-serve Defendants or file an amended motion addressing the deficiencies identified herein.

**DONE** and **ORDERED** in Orlando, Florida on July 18, 2023.

_____
EMBRY J. KIDD
UNITED STATES MAGISTRATE JUDGE